JODI LINKER
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    (415) 436-7700
Facsimile:    (415) 436-7706
Email:        Daniel_Blank@fd.org

Counsel for Defendant FAAFIU

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LIPINE FAAFIU,<br><br>    Defendant. | **Case No.:** CR 23-0469 WHA, CR 17-0231 WHA<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:**    Hon. William Alsup<br>**Date:**    November 12, 2024<br>**Time:**    2:00 p.m. |

Defendant Lipine Faafiu is pleased to join the sentencing recommendation of the U.S. Probation Officer, and the expected recommendation of the government, for a term of imprisonment of 51 months on the new firearm case in CR 23-0469 WHA, to run concurrently with any term of imprisonment on the underlying supervised release case in CR 17-0231 WHA. The Court is well aware of Mr. Faafiu's serious health conditions and a modest downward variance from the low-end of the advisory guideline range is certainly warranted on that basis. *See* Final PSR Sentencing Recommendation at 2. Along these lines, Mr. Faafiu also respectfully requests that the Court recommend to the Bureau of Prisons that he be designated to a medical facility to facilitate the ongoing treatment of his medical conditions and mitigation of the risk of future problems, including the life-threatening issues that plagued him while in pretrial custody.

Mr. Faafiu only differs in his sentencing recommendation with respect to the term of supervised release following imprisonment. The maximum term of supervised release in this case is three years, and the guideline range is one to three years. PSR ¶¶ 63-64. The U.S. Probation Officer recommends the statutory maximum of three years. *See* PSR Sentencing Recommendation at 1. Mr. Faafiu respectfully submits that the Court should instead impose a term of supervised release of just one year for a very specific reason: he wants to return to his family's native island of American Samoa. Although the U.S. Probation Office has confirmed that there are federal supervisees living in American Samoa, they have advised Mr. Faafiu that they will not approve his residency there while on supervised release because only "low-risk" releasees are supervised there due to the lack of any U.S. Probation Officers actually stationed on the island.

It seems obvious that the best thing for Mr. Faafiu, and for society at large, would be for him to be permitted to reside outside the Bay Area, where he has gotten into more than his fair share of trouble, even though, due to his chronic medical conditions, his risk of reoffending is now very low. Accordingly, the Court should sentence him to one year of supervised release so that he can move to American Samoa as quickly as possible following his release from prison. Alternatively, the Court should order, as part of any longer period of supervised release, that Mr. Faafiu be permitted to reside in American Samoa, notwithstanding the reluctance of the U.S. Probation Officer to include him among the supervisees there.

Dated:   November 3, 2024

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

_____/S_____
DANIEL P. BLANK
Senior Litigator

DEFENDANT'S REPLY TO GOVT'S SENTENCE MEMO
*FAAFIU*, CR 23–0469 WHA, CR 17-0231 WHA

2