ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SLOAN HEFFRON (CABN 285347)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    Fax: (415) 436-7027
    Sloan.heffron@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> LIPINE FAAFIU, <br>     Defendant. | CASE NOS. 23-CR-00469-WHA <br>                   17-CR-00231-WHA <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Date: November 12, 2024 <br> Time: 2:00 p.m. <br><br> The Honorable William Alsup |

### I.    INTRODUCTION

On September 3, 2024, defendant Lipine Faafiu pled guilty to the sole count charged in the captioned Indictment: a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of Firearms). Dkt. 50 (Plea Agreement) (the "2023 Case").[1] In the Plea Agreement, Faafiu also admitted to Charges Eight, Nine, Ten, and Eleven of the Amended Petition (hereafter "Amended Form 12") alleging violations of his federal supervised release in Case No. 17-CR-00231-WHA (the "2017 Case"). *Id.*; *see also* Case No. 17-CR-00231-WHA, dkt. 113 (Amended Form 12). Charges Eight and Nine of the Amended Form 12 are based on the same conduct alleged in Count One of the Indictment in the 2023 Case. Charge Ten

---

[1] Unless otherwise noted, all citations to the "docket" refer to the record in Case No. 23-CR-00469-WHA (the "2023 Case").

1

of the Amended Form 12 concerns Faafiu's residing at an unreported apartment in Richmond (the "Richmond Apartment") without the knowledge or permission of U.S. Probation. Charge Eleven is based on Faafiu lying to his U.S. Probation Officer regarding his whereabouts.

For the reasons set forth below, the United States joins U.S. Probation in recommending that the Court sentence Faafiu to 51 months' imprisonment in the 2023 Case, to run concurrently to a term of 24 months' imprisonment in the 2017 Case. The government further recommends that the Court impose a three-year term of supervised release in the 2023 Case, and order forfeiture of both firearms and all ammunition referenced in the Indictment and the Plea Agreement.

**II.    BACKGROUND**

In April 2018, this Court sentenced Faafiu to 48 months in custody and three years of supervised release after Faafiu pled guilty to a violation of 18 U.S.C. § 922(g)(1) in the 2017 Case. Dkt. 53 (Presentence Investigation Report or "PSR") at ¶ 26.

In May 2020, Faafiu filed a Motion for Compassionate Release from Custody. Case No. 17-CR-00231-WHA, dkt. 63 (Mot. for Comp. Rel.). In his Motion, Faafiu stated that he suffered from numerous physical ailments, including "severe obesity, high blood pressure, sleep apnea, chronic cellulitis," and added that he was prone to infection. *Id.* at 2. Citing his "compromised health condition," Faafiu argued that he was at a heightened risk for severe COVID-19 infection and should therefore be released from custody. *Id*. The government acknowledged that Faafiu's health conditions placed him at greater risk for severe health complications should he contract COVID-19. Case No. 17-CR-00231-WHA, dkt. 67 (Opposition) at 7. Nevertheless, the government opposed Faafiu's compassionate release due to the danger he posed to the community. *Id*. Ultimately, in June 2020, the Court granted Faafiu's Motion and ordered that he serve the remainder of his custodial sentence on home confinement, followed by a 36-month term of supervised release. Case No. 17-CR-00231-WHA, dkt. 75 (Order).

In October 2021, U.S. Probation filed a Petition alleging that Faafiu had committed numerous violations of his supervised release, including associating with Tre-4 gang members, possessing ammunition, and possessing three firearm magazines. Case No. 17-CR-00231-WHA, dkt. 85 ("2021

2

Form 12"). In February 2022, the Court revoked Faafiu's supervised release and sentenced him to 14 months in custody and 36 months of supervised release. PSR ¶ 26.

### III.    OFFENSE CONDUCT AND GUILTY PLEA

In October 2022, following his release from custody, Faafiu began a new term of supervised release in the 2017 Case. Amended Form 12 at 2. As part of his supervised release, Faafiu was subject to a warrantless search condition that permitted U.S. Probation and law enforcement officers to search his person, residence, property, and electronic devices at any time, with or without suspicion. Case No. 17-CR-231-WHA, dkt. 55 (Judgement) at 5. Faafiu was also required to live at a location approved by his probation officer, and to notify his probation officer at least ten days before changing his living arrangements. *Id.* at 4.

Around October 20, 2023, U.S. Probation filed a Petition for Warrant for Person Under Supervision ("Form 12"), and the Court issued a warrant for Faafiu's arrest.[2] By that time, law enforcement had obtained evidence indicating that Faafiu was residing at an apartment in the City of Richmond (the "Richmond Apartment") that he had not reported to probation, in violation of his supervised release.

On the morning of October 25, 2023, officers from U.S. Probation and the San Francisco Police Department ("SFPD") met near the Richmond Apartment in order to take Faafiu into custody on the outstanding arrest warrant. PSR ¶ 6. Around 9:15 a.m., a probation officer called Faafiu and inquired about his whereabouts. Case No. 17-CR-00231-WHA, dkt. 113 (Amended Form 12) at 6. Faafiu falsely said that he was watching his kids in Antioch, but would leave to meet with probation. *Id*.

Later that morning, officers observed Faafiu emerge from the area of the Richmond Apartment and took him into custody on the outstanding warrant. Police and U.S. Probation Officers proceeded to search the Richmond Apartment, pursuant to the warrantless search condition of Faafiu's supervised release. PSR ¶ 7. Inside a rear bedroom, an officer found a pile of clothes in a corner behind a closet door. In the pile of clothes, the officer located the following items:

---

[2] The Form 12 filed on October 20, 2023, contained Charges One through Seven, which were re-alleged in the Amended Form 12. *See* Case No. 17-CR-00231-WHA, dkt. 113 (Amended Form 12).

- One .45 caliber Glock model 30 semi-automatic handgun bearing serial number BVYB675 (the "Glock pistol") with an extended magazine containing 23 rounds of .45 caliber ammunition inserted into the well;
- One 9mm Springfield Armory XD9 semi-automatic handgun bearing serial number HD941287 (the "Springfield Armory pistol") with a magazine loaded with eight 9mm cartridges inserted into the well; and
- One Glock magazine containing ten .45 caliber cartridges. *Id.*

In the bedroom closet, officers found a rifle magazine containing 27 rounds of 5.56 ammunition and a yellow purse containing 32 rounds of .45 caliber ammunition. *Id.* On the bedroom floor, an officer found a black purse containing nine rounds of ammunition in various calibers. *Id.* Elsewhere in the bedroom, officers found various pieces of Tre-4 gang indicia, including programs from the funerals of recently deceased Tre-4 gang members. *Id.* Officers located additional ammunition in the kitchen. Police learned that the Springfield Armory pistol had been reported stolen out of Fairfield, California. Plea Agreement ¶ 2.

On October 27, 2023, U.S. Probation filed an Amended Form 12 containing four additional charges (Charges Eight through Eleven) based on the events of October 25, 2023. Case No. 17-CR-00231-WHA, dkt. 113 (Amended Form 12). On December 12, 2023, the Grand Jury returned an Indictment charging Faafiu with one count of Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1). Dkt. 50.

**IV.    PLEA AGREEMENT AND SENTENCING GUIDELINES CALCULATIONS**

Plea Agreement

As an initial matter, the applicable Guidelines range in the 2023 Case has changed since Faafiu entered his guilty plea approximately two months ago. On September 3, 2024, Faafiu pled guilty to the sole count charged in the Indictment in the 2023 Case, and admitted to Charges Eight, Nine, Ten, and Eleven of the Amended Form 12 in the 2017 Case. Dkt. 50 (Plea Agreement) ¶ 2. At the time of the Plea Agreement, the parties understood that Faafiu's July 2018 felony conviction for violating California Penal Code § 245(a)(4) (Assault with Force Likely to Produce Great Bodily Injury) qualified as a crime of violence. *See United States v. Morton*, 2022 WL 17076203, at *1 (9th Cir. Nov. 18, 2022)

4

1  (unpublished) (holding that a defendant's prior convictions under California Penal Code § 245(a)(4) and § 245(b) were "plainly crimes of violence"). Accordingly, the parties agreed that the applicable Guideline to use in calculating the Base Offense Level was U.S.S.G. §2K2.1(a)(3): the offense involved a semiautomatic firearm capable of accepting a large capacity magazine, and the defendant committed any part of the instant offense after sustaining a felony conviction for a crime of violence. *Id.* ¶ 7. U.S.S.G. §2K2.1(a)(3) carries a Base Offense Level of 22, and the parties agreed that Faafiu's Adjusted Offense Level was 22. *Id*. At that time, the government (correctly) understood that Faafiu fell under Criminal History V and that his advisory Guidelines Range was 70-87 months in custody.

The Rule 11(c)(1)(B) Plea Agreement contained several promises made by the government, including that it would recommend that the Court sentence Faafiu to a term of 64 months' custody and three years' supervised release in the 2023 Case. *Id*. ¶ 17. This promise reflects the government's intention to recommend that the Court impose a custodial sentence six months below the low end of the applicable Guidelines Range in the 2023 Case. At the time of the Plea Agreement, this was 64 months.

In a published opinion issued September 4, 2024—the day after Faafiu pled guilty—the Ninth Circuit held that prior convictions under California Penal Code § 245(a)(1) (Assault With a Deadly Weapon) are *not* crimes of violence. *United States v. Gomez*, 115 F.4th 987, 999 (9th Cir. 2024) (overruling *Morton*). The government believes that *Gomez* was wrongly decided and hopes that the Ninth Circuit will vacate the decision. Nevertheless, *Gomez* appears to apply to all provisions of California Penal Code § 245(a), and the Guidelines in the 2023 Case should be calculated accordingly.

<u>Applicable Guidelines in Case No. 23-CR-00469-WHA</u>

In light of the Ninth Circuit's intervening decision in *Gomez*, discussed above, the government agrees with U.S. Probation's calculations as to the applicable Sentencing Guidelines. PSR at ¶¶ 3, 13-22. Specifically, the government agrees that the appropriate Guideline in this case is U.S.S.G. §2K2.1(a)(4)(B), resulting in a Base Offense Level of 20. *Id.* ¶ 13. A two-level enhancement applies because one of the firearms Faafiu possessed in this case was stolen. *Id.* ¶ 14. Faafiu's Total Offense Level is 19. PSR ¶ 19. This Total Offense Level accounts for a three-level reduction pursuant to U.S.S.G. §3E1.1(a)-(b) for acceptance of responsibility. *Id.* ¶¶ 20-21. The government agrees that Faafiu's ten criminal history points place him within Criminal History Category V. *Id.* ¶¶ 38-30. An

offense level of 19 in Criminal History Category V yields an advisory sentencing range of 57 to 71 months' imprisonment. U.S. Probation recommends that, in the 2023 Case, the Court sentence Faafiu to a custodial term of 51 months, followed by three years' supervised release. *Id.* at p. 21. The government agrees.

Applicable Guidelines in Case No. 17-CR-00231-WHA

The government also agrees with U.S. Probation's Guidelines calculations concerning the supervised release violations in the 2017 Case. *See* Case No. 17-CR-00231-WHA, dkt. 150 (Probation Memorandum) at 2. As noted, Faafiu admitted to violating Charges Eight, Nine, Ten, and Eleven of the Amended Form 12. In terms of sentencing exposure, the most serious of these violations is Charge Eight: that Faafiu committed a new federal, state, or local crime by possessing firearms and ammunition. Charge 8 is a Grade B violation under U.S.S.G. §7B1.2(a)(2). The government agrees that Faafiu fell under Criminal History Category III at the time he was originally sentenced in the 2017 Case, and that the applicable Guidelines Range is therefore 8-14 months in custody. *Id*. Probation recommends that the Court revoke Faafiu's term of supervised release and sentence him to 24 months in custody, concurrent to any term of custody imposed in the 2023 Case. *Id.* at 3. The government agrees.

## V.     SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Faafiu to a term of 51 months' imprisonment in the 2023 Case, and to a concurrent term of 24 months' imprisonment in the 2017 Case. The government further recommends that the Court sentence Faafiu to a three-year term of supervised release in the 2023 case, to include each of the terms and conditions recommended by U.S. Probation. *See* PSR at pp. 22-26.

While sentencing courts must consider each of the factors set forth in section 3553(a), the following warrant further discussion in this case: the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1); the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A); the need for the sentence imposed to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B); and the need for the sentence

imposed to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C).

The nature and circumstances of the present offense are straightforward: Faafiu possessed two loaded semi-automatic firearms, multiple firearm magazines, and a variety of ammunition. Faafiu possessed these items while on federal supervised release and inside of an apartment that he had failed to report to his U.S. Probation Officer. Given his history of gang involvement and recidivism, Faafiu's possession of loaded firearms posed a serious risk to the public's safety.

As to the history and characteristics of the defendant, Faafiu was 28 years old when he committed the firearms offense charged in the 2023 Case. Previously, he had sustained a juvenile wardship for Carjacking, a misdemeanor firearms conviction, and felony convictions for Evading a Peace Officer, Felon in Possession of a Firearm, and Assault with a Deadly Weapon. PSR at ¶¶ 24-27. In 2022, this Court revoked Faafiu's supervised release and sentenced him to 14 months' custody and three years of supervised release after he admitted to a host of violations, including associating with Tre-4 gang members, lying to his probation officer, and possessing ammunition and magazines. *Id.* ¶ 26. Remarkably, those violations occurred less than two years after Faafiu was granted compassionate release in his first federal firearms case. This criminal history alone underscores the fact that Faafiu poses a danger to the community, and that a 51-month sentence is warranted.

On the other hand, Faafiu's case is not without certain mitigating factors. Faafiu grew up in an unstable home where he was the victim of child abuse. *Id.* ¶ 39. In early 2021, each of his biological parents passed away within months of each other. *Id*. ¶ 38. Also significant is the fact that Faafiu is in extremely poor health. As noted, in June 2020, while the Coronavirus was surging, the Court granted his Motion for Compassionate Release, citing Faafiu's numerous medical problems. Case No. 17-CR-00231-WHA, dkt. 75 (Order).

If the information in the current PSR is any indication, Faafiu's health has not improved since 2020. He is now 515 pounds and reportedly suffers from a host of ailments, including hypertensive heart disease, chronic congestive heart failure, morbid obesity, and acute kidney failure, among other conditions. PSR ¶¶ 45-46. Within the last seven months—during the pendency of this case—Faafiu contracted sepsis and underwent surgery. *Id.* ¶ 46. During this same period, he was repeatedly transferred from Santa Rita Jail to area hospitals and nursing facilities for treatment. *Id*. ¶¶ 46-47.

Given the nature and severity of Faafiu's medical conditions, it seems probable that the time he spends in custody will be more difficult than if he were healthy. The government has taken this into account in recommending a 51-month sentence, which represents a modest six-month variance from the low end of the Guidelines. At the same time, Faafiu's conduct in this case demonstrates that he is unencumbered by either his poor health or the conditions of his supervised release. That he went on to possess loaded firearms suggests that his physical condition does not mitigate his future dangerousness. The Court should place public safety and specific deterrence of Faafiu's future crimes at the forefront of its sentencing analysis. There is simply no indication that Faafiu intends to stop carrying firearms. His physical condition, while serious, is not evidence to the contrary.

A 51-month term of incarceration would be the longest prison sentence Faafiu has received. This lengthy term of imprisonment is necessary to promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct. Here, Faafiu has pleaded guilty to possessing a loaded firearm, knowing full well that his three prior felony convictions barred him from doing so. His actions in this case reflect either an inability or an unwillingness to conform his conduct to the law. The interest in specific and general deterrence of similar criminal conduct counsels in favor of a 51-month sentence in this case. Additionally, given that Faafiu has continued to reoffend while on supervised release, the Court should sentence him to three years of supervised release in the 2023 Case.

## VI. CONCLUSION

For the foregoing reasons, the United States joins United States Probation in recommending that the Court sentence Lipine Faafiu to 51 months' imprisonment in the 2023 Case, to run concurrently to a term of 24 months' imprisonment in the 2017 Case. The government further recommends that the Court impose a three-year term of supervised release in the 2023 Case, with each of the terms and conditions set forth in the Plea Agreement and the Presentence Report.

DATED: November 5, 2024                                     Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

   /s/
SLOAN HEFFRON
Assistant United States Attorney